IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT<br>  EMPLOYEES, AFL-CIO<br>80 F St N.W.<br>Washington, D.C. 20001<br><br>NATIONAL FEDERATION OF FEDERAL<br>  EMPLOYEES, FD-1, IAMAW, AFL-CIO<br>1225 New York Avenue, N.W., Suite 450<br>Washington, D.C. 20005<br><br>and<br><br>NATIONAL ASSOCIATION OF GOVERNMENT<br>  EMPLOYEES, INC.,<br>159 Burgin Parkway<br>Quincy, MA   02169<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT WILKIE<br>In his official capacity as Secretary of Veterans Affairs<br>Department of Veterans Affairs<br>810 Vermont Avenue, N.W.<br>Washington, D.C. 20420<br>(202) 273-5400<br><br>Department of Veterans Affairs<br>810 Vermont Avenue, N.W.<br>Washington, D.C. 20420<br>(202) 273-5400<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>    Civil Action No. |

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF

INTRODUCTION

Plaintiffs bring this action to hold unlawful and set aside determinations by the U.S. Department of Veterans Affairs ("VA") that, effective November 15, 2018, employees who occupy positions listed in 38 U.S.C. Section 7421(b) may not, under any circumstances, perform union representational activities while on "official time," notwithstanding that, *inter alia,* 5 U.S.C. Section 7131 specifically guarantees employees the right to engage in such union representational activities while on official time.  Plaintiffs are the American Federation of Government Employees, AFL-CIO ("AFGE"), the National Federation of Federal Employees, FD-1, IAMAW, AFL-CIO ("NFFE") and the National Association of Government Employees, Inc. ("NAGE").  The VA issued separate copies of these determinations, which it entitled in each case "Notice of Repudiation" (hereinafter referred to collectively as the "Official Time Determination") to each plaintiff union dated November 7, 2018.  True and accurate copies of the Official Time Determination received by AFGE, NFFE and NAGE are attached to this complaint as Exhibits 1- 3 respectively.

The Official Time Determination is contrary to 38 U.S.C. § 7422 and to the Federal Service Labor Management Relations Statute, 5 U.S.C. § 7101, et seq. (hereinafter "Chapter 71").  Chapter 71 establishes a comprehensive labor relations scheme for federal sector employees and their unions. *See*, *e.g.*, *AFGE, et al. v. Trump, et al.*, 318 F. Supp. 3d 370 (D.D.C. 2018). As part of this scheme, 5 U.S.C. Section 7131 specifically authorizes federal employees to receive official time for work performed by unions in support of bargaining unit employees. Plaintiff unions are certified as the exclusive representative of bargaining unit employees at their workplace.

Section 7422 of Title 38 ("Section 7422") creates a narrow exception for certain VA positions listed in Section 7421 ("Title 38 employees").  Section 7422 allows the Secretary of the

VA to prescribe by regulation the hours and conditions of employment for Title 38 employees and to remove certain matters relating to Title 38 employees from collective bargaining in three delineated instances: (1) professional conduct or competence, (2) peer review, and (3) the establishment, determination, or adjustment of employee compensation.  38 U.S.C. Section 7422(b).  But outside of these three discrete instances, the Secretary's authority to prescribe regulations regarding Title 38 employees is subject to the right of Federal employees to engage in collective bargaining pursuant to Chapter 71.  38 U.S.C. Section 7422(a).  *See AFGE, et al. v. Trump, et al.,* 318 F. Supp at 434 ("Congress enacted [Chapter 71] to protect and preserve collective bargaining rights, not to destroy them. . . Quite frankly**,** it is hard to even *imagine* a rational statutory exception that is *intentionally* designed to swallow the rule.")

The Official Time Determination is unsupported and unsupportable.  The use of official time by Title 38 employees does not fall under the statutory exemption from collective bargaining for professional conduct and competence contained in 38 U.S.C. Section 7422. Plaintiffs therefore seek a judgment declaring that the Official Time Determination is invalid and setting it aside pursuant to 5 U.S.C. 706(2)(A) and (C) because it is arbitrary and capricious, an abuse of discretion and contrary to law and exceeds the VA Secretary's authority under 38 U.S.C. Section 7422.

## I.     JURISDICTION

1.  This court has jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2202; 38 U.S.C. § 7422(b) and (d); and 5 U.S.C. § 701 *et seq.*; *see AFGE Local 446 v. Nicholson*, 475 F.3d 341, 347-350 (D.C. Cir. 2007).

## II.      VENUE

2. Venue lies in this court under 28 U.S.C. § 1391(e)(1) and (2).

## III.      PARTIES

3. Plaintiff AFGE is a national labor organization and unincorporated association having its headquarters at: 80 F Street N.W., Washington, D.C. 20001.  AFGE represents approximately 650,000 federal civilian employees in agencies and departments across the federal government, including approximately 350,000 federal civilian employees in the VA.

4. AFGE and its affiliated councils and locals are the certified exclusive representative, under 5 U.S.C. § 7111, of employees at the VA.

5. AFGE is an exclusive representative of a consolidated unit in the VA which includes Title 38 employees.

6. Plaintiff NFFE is an unincorporated association with its principal place of business at 1225 New York Ave., N.W., Suite 450, Washington, D.C. 20005.  NFFE is affiliated with its parent organization the International Association of Machinists and Aerospace Workers.

7. NFFE is certified as the exclusive bargaining representative of approximately 110,000 federal employees, including Title 38 employees of the VA.  As the exclusive representative of these employees, NFFE advances the social and economic welfare and education of federal employees by representing their interests through collective bargaining, filing and arbitrating grievances to uphold the provisions in such agreements,

filing complaints with administrative agencies, lobbying Congress for legislative action, and promoting labor-management partnerships in agency decision-making.

8. Plaintiff NAGE is a national labor organization and is affiliated with the Service Employees International Union.  NAGE in incorporated in the state of Delaware with its place of business at 159 Thomas Burgin Parkway Quincy, MA  02169.

9. NAGE and its local units are the certified exclusive bargaining representative of approximately 110,000 employees, including nearly 75,000 federal employees.  NAGE represents bargaining units in the VA.  These units include Title 38 employees.

10. NAGE and its locals are the certified exclusive representative, under 5 U.S.C. § 7111, of employees at the VA.

11. NAGE is an exclusive representative of a consolidated unit in the VA which includes Title 38 employees.

12. Defendant Robert Wilkie is the Secretary of the U.S. Department of Veterans Affairs.  He is sued solely in his official capacity.

13. The U.S. Department of Veterans Affairs is a federal agency whose headquarters are located at 810 Vermont Avenue N.W. Washington, D.C  20420.


## IV.   FACTS

**The Federal Service Labor-Management Relations Statute (Chapter 71)**

14. 5 U.S.C. Chapter 71 governs labor relations in the federal civilian workplace.

15. When enacting Chapter 71, Congress explicitly found that labor organizations and collective bargaining are in the public interest. 5 U.S.C. § 7101(a).

16. 5 U.S.C. § 7102, as part of Chapter 71, protects the right of employees to form, join, or assist any labor organization freely and without fear of penalty or reprisal.

17. 5 U.S.C. § 7131(a) provides that employees representing an exclusive representative shall be authorized official time to negotiate a collective bargaining agreement.

18. 5 U.S.C. § 7131(c) provides that the Federal Labor Relations Authority shall determine, except as provided in § 7131(a), whether employees are entitled to official time in any phase of proceedings before the Authority.

19. 5 U.S.C. § 7131(d) provides that "any employee representing an exclusive representative," or "in connection with any other matter covered by this chapter, any employee in an appropriate unit represented by an exclusive representative, shall be granted official time in any amount the agency and the exclusive representative involved agree to be reasonable, necessary, and in the public interest."

**38 U.S.C. Sections 7421 and 7422**

20. 38 U.S.C. Section 7421 provides that the Secretary of the VA "shall prescribe by regulation the hours and conditions of employment and leaves of absence of employees listed in 38 U.S.C. Section 7421(b)."

21. 38 U.S.C. § 7421(b) refers to the following Title 38 positions: Physicians, Dentists, Podiatrists, Optometrists, Registered Nurses, Physician Assistants, Expanded-Duty Dental Auxiliaries, and Chiropractors.

22. 38 U.S.C. Section 7422(a) provides "Except as otherwise specifically provided in this title, the authority of the Secretary to prescribe regulations under section 7421 of this title is subject to the right of Federal employees to engage in collective bargaining with respect to conditions of employment through representatives chosen by them in

6

accordance with chapter 71 of title 5 (relating to labor-management relations).”

23. 38 U.S.C. § 7422(b) provides: “Such collective bargaining . . . in the case of employees described in section 7421(b) of this title may not cover, or have any applicability to, any matter or question concerning or arising out of (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation under this title.”

24. 38 U.S.C. § 7422(c) provides: “For purposes of this section, the term ‘professional conduct or competence’ means any of the following: (1) Direct patient care. (2) Clinical competence.”

25. 38 U.S.C. § 7422(d), provides that “an issue of whether a matter or question concerns or arises out of (1) professional conduct or competence, . . . shall be decided by the Secretary and is not itself subject to collective bargaining and may not be reviewed by any other agency.”

**The VA/AFGE Master Agreement**

26. The VA and AFGE executed a national collective bargaining agreement on March 15, 2011 (hereinafter “VA/AFGE Master Agreement”).

27. Eric K. Shinseki, then Secretary of the U.S. Department of Veterans Affairs, approved the VA/AFGE Master Agreement, including those articles governing the use of official time under 5 U.S.C. § 7131.

28. The Duration of Agreement provision stated that the VA/AFGE Master Agreement would be implemented and become effective after it had been approved, ratified, signed by the Parties, and subjected to Agency head review pursuant to 5 U.S.C. § 7114(c).

29. The VA/AFGE Master Agreement remains in effect.

30. Article 48, Section 1(B) of the VA/AFGE Master Agreement states, "As provided in 5 U.S.C. § 7131, official time shall be granted as specified in law and in any additional amount the Department and the Union agree to be reasonable, necessary, and in the public interest.  Official time shall be granted for activities as specified in law and in amounts specified by this Agreement or otherwise negotiated."

31. Article 48, Section 2 of the VA/AFGE Master Agreement sets forth agreed-upon amounts of official time for Union officials designated at the national and district levels.

32. Article 48, Section 10 of the VA/AFGE Master Agreement sets forth agreed-upon amounts of official time for Union officials designated at the local level.

33. Pursuant to the VA/AFGE Master Agreement, other collectively bargained agreements between AFGE and/or its affiliated councils and locals and the VA, and past practice, Title 38 employees in the AFGE/VA bargaining unit have received official time.

**The VA/NFFE Master Agreement**

34. The VA and NFFE executed a national collective bargaining agreement on June 6, 2011 (hereinafter "VA/NFFE Master Agreement").

35. Eric K. Shinseki, then Secretary of the U.S. Department of Veterans Affairs, approved the VA/NFFE Master Agreement, including those articles governing the use of official time under 5 U.S.C. § 7131.

36. The Duration of Agreement provision stated that the VA/NFFE Master Agreement would be implemented and become effective after it had been approved, ratified, signed by the Parties, and subjected to Agency head review pursuant to 5 U.S.C. § 7114(c).

37. The VA/NFFE Master Agreement remains in effect.

38. The VA and NFFE are in bargaining over a successor agreement to the VA/NFFE Master Agreement, pursuant to the terms of a private settlement agreement between the parties reached on or about January 31, 2018.

39. Article 2 of the VA/NFFE Master Agreement provides, among other things, that NFFE has the exclusive right to represent employees in presenting grievances (Art. 2, Sec. 1(C)); the Union has the right to attend all discussions between the Employer and employee(s) conducted to resolve grievances (Sec. 1(D); the Union will be given the opportunity to represent employees at formal meetings (Sec 2(A)); and establishes the right for Union representatives to hold and attend meetings with the Agency and among themselves (Art. 2, Sec. 5). Art. 2, Sec. 3. Article 48, Section 2 of the VA/AFGE Master Agreement sets forth agreed-upon amounts of official time for Union officials designated at the national and district levels.

40. Article 2, Section 8 details official time that is automatically granted to certain NFFE officers and locals, so that they need not request official time for each pay period where they work to represent NFFE bargaining unit members. Article 2 establishes that certain NFFE officers are granted official time as a set percentage of their work week. For example, the NFFE VA Council President is on 100% official time, whereas NFFE Council Vice Presidents are on 20% official time. Art. 2, Sec. 8.

41. Article 2, Sec. 8 is the main grant of official time to NFFE officers under 5 U.S.C. §7131 (d); however, official time appears, incidentally, elsewhere throughout the collective bargaining agreement. See, for example, Art. 10, Sec. 5 ("All partnership activities and preparation will be conducted on official time.").

42. Pursuant to the VA/NFFE Master Agreement, other collectively bargained agreements between NFFE and/or its affiliated councils and locals and the VA, and past practice, Title 38 employees in the NFFE/VA bargaining unit are granted official time.

**The VA/NAGE Master Agreement**

43. The VA and NAGE executed a national collective bargaining agreement on September 27, 2016 (hereinafter "VA/NAGE Master Agreement").

44. Robert A. McDonald, then Secretary of the U.S. Department of Veterans Affairs, approved the VA/NAGE Master Agreement, including those articles governing the use of official time under 5 U.S.C. § 7131.

45. The Duration of Agreement provision stated that the VA/NAGE Master Agreement would be implemented and become effective after it had been approved, ratified, signed by the Parties, and subjected to Agency head review pursuant to 5 U.S.C. § 7114(c).

46. The VA/NAGE Master Agreement remains in effect through September 30, 2019, at which point it will automatically be renewed for a period of three (3) years, or, if either party choses to open the contract for renegotiations, remain in full force and effect during the renegotiation of the VA/NAGE Master Agreement.

47. Article 6, Section 1(D) of the VA/NAGE Master Agreement states, "Consistent with the requirements of this Article, should the Union exhausts [sic] its allocations of official time in Sections 2 and 3 below, any additional requested time will be provided consistent with 5 USC 7131."

48. Article 6 Section 2 of the VA/NAGE Master Agreement sets forth agreed-upon amounts of official time for Union officials designated at the national level.

49. Article 6, Section 3 of the VA/NAGE Master Agreement sets forth agree-upon amounts of official time for Union officials designated at the local level.

50. Article 6, Section 4 of the VA/NAGE Master Agreement sets forth the activities official time may be used for.

51. Pursuant to the VA/NAGE Master Agreement, other collectively bargained agreements between NAGE and/or its locals and the VA, and past practice, Title 38 employees in the NAGE/VA bargaining unit are granted official time.

**The Official Time Determination As to AFGE**

52. On November 7, 2018, Jacquelyn Hayes-Byrd, Acting Assistant Secretary for Human Resources and Administration of the VA, issued the Official Time Determination at issue in this case.

53. The Official Time Determination stated that, "pursuant to 38 U.S.C. § 7422, employees described in 38 U.S.C. § 7421(b) ("Title 38 employees") may no longer utilize official time because the use of official time by Title 38 employees negatively impacts direct patient care."

54. Regarding the VA/AFGE Master Agreement, the Official Time Determination stated that "[t]he official time exclusion applies to all Title 38 employee official time provisions found in the VA/AFGE Master Agreement, as well as any Memorandum of Understanding ("MOU"), past practices, supplemental agreements, and collectively bargained agreements with AFGE that are currently in effect."

55. The Official Time Determination listed the following articles of the VA/AFGE Master Agreement as containing provisions that reference official time and were therefore impacted by the Official Time Determination:

Articles 3: Labor Management Cooperation

      Section 7—Use of Time

Article 4; Labor Management Training

      Section 3—Joint Management Training;

Article 5:  Labor Management Committee

Article 7:  Quality Programs

      Section 2-General

      Section 3—Quality Programs Council Charter

      Section 4—Official Time Usage

      Section 5—Labor Management Forums and Official Time

      Section 6—Performance Evaluation

      Section 7—Return to Duty of 100% Union Representative

Article 8:  Child Care

      Section 33—Local Child Care Committees

Article 18  Equal Employment Opportunity

      Section 7—VA Diversity Council/EEO Committees

Article 27:  Performance Appraisal

   Section 3—Policy

Article 29:  Safety, Health and Environment

   Section 2—National Safety and Health Committee

   Section 3—Union Participation

Article 45:  Dues Withholding

   Section 6—Revocation for Bargaining Unit Employees

Article 46:  Local Supplement

Section 3—Ground Rules for Negotiating Local Supplemental Agreements

Article 47:  Mid-Term Bargaining

Section 2-National

Section 4—Local

Article 48:  Official Time

Section 1—Purpose

Section 2—Designated Union Officials/Representatives

Section 3—Accumulated Official Time

Section 4—Additional Time Allotted

Section 5—Travel to Other Locations

Section 6—Other Activities

Section 7—Performance Evaluation

Section 10—Local

Article 49:  Rights and Responsibilities

Section 9—New Employee Orientation

56. The Official Time Determination stated, "Beginning on November 15, 2018, the

Department will no longer comply with the official time provisions for Title 38

employees contained in the VA/AFGE Master Agreement, any MOUs, past practices,

supplemental agreements, and any other collectively bargained agreements currently in

effect."

**The Official Time Determination As to NFFE**

57. On November 7, 2018, Jacquelyn Hayes-Byrd, Acting Assistant Secretary for Human Resources and Administration of the VA, issued the Official Time Determination at issue in this case.

58. The Official Time Determination stated that, "pursuant to 38 U.S.C. § 7422, employees described in 38 U.S.C. § 7421(b) ("Title 38 employees") may no longer utilize official time because the use of official time by Title 38 employees negatively impacts direct patient care."

59. Identically to the VA/AFGE Official Time Determination - the VA/NFFE Master Agreement Official Time Determination stated that "[t]he official time exclusion applies to all Title 38 employee official time provisions found in the VA/NFFE Master Agreement, as well as any Memorandum of Understanding ("MOU"), past practices, supplemental agreements, and collectively bargained agreements with AFGE that are currently in effect."

60. The Official Time Determination listed the following articles of the VA/NFFE Master Agreement as containing provisions that reference official time and were therefore impacted by the Official Time Determination:

The impacted VNNFFE Master Agreement articles include:

Article 2 - Union Rights and Representation

        Section 2

        Section 3

        Section 5

        Section 8

Section 9

Section 11

Section 12

Article 10 - Partnership/Collaborative Relationships

Section 5

Article 21 - Safety and Health

Section 3

Section 4

Article 22 - Leave

Section 7 - Leave Without Pay

Article 26 - Disciplinary Actions, Adverse Actions and Major Adverse Actions

Section 5 – Procedures

Article 27: Employee Assistance Program

Section 1 - Policy

Section 6

Article 37: Labor Management Relations Training

Section 1

Article 41: Childcare

Section 9

Article 43: Alternate Dispute Resolution (ADR)

Section 3

61. The Official Time Determination stated, "Beginning on November 15, 2018, the

Department will no longer comply with the official time provisions for Title 38

15

employees contained in the VA/NFFE Master Agreement, any MOUs, past practices, supplemental agreements, and any other collectively bargained agreements currently in effect."

**The Official Time Determination As to NAGE**

62. On November 7, 2018, Jacquelyn Hayes-Byrd, Acting Assistant Secretary for Human Resources and Administration of the VA, issued the Official Time Determination at issue in this case.

63. The Official Time Determination stated that, "pursuant to 38 U.S.C. § 7422, employees described in 38 U.S.C. § 7421(b) ("Title 38 employees") may no longer utilize official time because the use of official time by Title 38 employees negatively impacts direct patient care."

64. Identically to the VA/AFGE Official Time Determination and the VA/NFFE Master Agreement Official Time Determination, the VA/NAGE Master Agreement Official Time Determination stated that "[t]he official time exclusion applies to all Title 38 employee official time provisions found in the VA/NAGE Master Agreement, as well as any Memorandum of Understanding ("MOU"), past practices, supplemental agreements, and collectively bargained agreements with NAGE that are currently in effect."

65. The Official Time Determination listed the following articles of the VA/NAGE Master Agreement as containing provisions that reference official time and were therefore impacted by the Official Time Determination:

Article 5: Union rights Responsibilities

      Section 8 – New Employee Orientation

Article 6: Official Time

Section 1 – General

Section 2- National Union Representatives

Section 3- Local Union Representatives

Section 4- Official Time Usage

Section 5 – Labor Management Forums and Official Time

Section 6 – Performance Evaluation

Section 7 – Return to Duty of 100% Union Representative

Article 10: Labor Management Training

Section 1- Union Sponsored or Requested Labor Management Relations (LMR) Training,

Section 4 – Joint Master Agreement Training

Section 5 – Joint 3rd Party Sponsored Training

Article 11: Labor Management Cooperation

Section 7 – Use of Time

Article 12: Labor Management Relations Meeting

Article 13: National Consultation Rights and Mid-Term Bargaining

Part A- Section 3- Official Time

Part B – Section 2 General

Article 19: Official Travel

Section 5 – Transportation, Travel and Per Diem

Section 10 – Local Travel

Article 22: Performance Appraisal

Section 8 – Performance Appraisal for Union Officials

Article 27: Upward Mobility

   Section 3 Administrative Investigation Training

Article 38: Official Records

   Section 2- Access to Records

Article 40: Grievance Procedure

   Section 7 – Informal Resolution

Article 42: Equal Employment Opportunity (EEO)

   Section 7 – Special Emphasis Program Coordinator/EEO Advisory Committee

   Article 44: Safety, Health and Environment

   Section 2 – Union Participation

   Section 32- Ergonomic Lifting

Article 47: VA Drug Free Workplace Program

   Section 13 – Union Rights

Article 52: Child and Other Dependent Care

   Section 3 – Local Child Care Committees

Article 58: Wage Surveys

   Section 2 – Membership Survey Teams

Article 69: Title 38 Professional Standards Boards (PSBs)

   Section 2 – Representation

<u>COUNT I</u>

**Violation of the Administrative Procedure Act**

**5 U.S.C. § 706(2)(C)**

66. Paragraphs 1 through 65 are hereby incorporated by reference.

67. The use of official time by Title 38 employees does not concern professional conduct or competence within the meaning of 38 U.S.C. § 7422(b) or Section 7422(d).

68. The use of official time by Title 38 employees does not concern direct patient care within the meaning of within the meaning of 38 U.S.C. § 7422(b), Section 7422(c) or Section 7422(d).

69. By issuing the Official Time Determination that applied the 38 U.S.C § 7422(b) exclusion to situations that do not pertain to professional conduct or competence within the meaning of 38 U.S.C. § 7422(b), the VA Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and (d).

70. By the conduct set forth in paragraphs 1 through 66, the VA Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

## COUNT II

**Violation of the Administrative Procedure Act**

**5   U.S.C. § 706(2)(A)**

71. Paragraphs 1 through 65 are hereby incorporated by reference.

72. The use of official time by Title 38 employees does not concern professional conduct or competence within the meaning of 38 U.S.C. § 7422(b) or Section 7422(d).

73. The use of official time by Title 38 employees does not concern direct patient care within the meaning of within the meaning of 38 U.S.C. § 7422(b), Section 7422(c) or Section 7422(d).

74. By issuing the Official Time Determination that applied the 38 U.S.C § 7422(b) exclusion to situations that do not pertain to professional conduct or competence within

the meaning of 38 U.S.C. § 7422(b), the VA Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and (d).

75. By the conduct set forth in paragraphs 1 through 66, the Official Time Determination is arbitrary and capricious in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

## COUNT III

**Violation of the Administrative Procedure Act**

**5   U.S.C. § 706(2)(A)**

76. Paragraphs 1 through 65 are hereby incorporated by reference.

77. The use of official time by Title 38 employees does not concern professional conduct or competence within the meaning of 38 U.S.C. § 7422(b) or Section 7422(d).

78. The use of official time by Title 38 employees does not concern direct patient care within the meaning of within the meaning of 38 U.S.C. § 7422(b), Section 7422(c) or Section 7422(d).

79. By issuing the Official Time Determination that applied the 38 U.S.C § 7422(b) exclusion to situations that do not pertain to professional conduct or competence within the meaning of 38 U.S.C. § 7422(b), the VA Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and (d).

80. By the conduct set forth in paragraphs 1 through 66, the Official Time Determination is an abuse of discretion in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

<u>COUNT IV</u>

**Violation of the Administrative Procedure Act**

   **5   U.S.C. § 706(2)(A)**

81. Paragraphs 1 through 65 are hereby incorporated by reference.

82. The use of official time by Title 38 employees does not concern professional conduct or competence within the meaning of 38 U.S.C. § 7422(b) or Section 7422(d).

83. The use of official time by Title 38 employees does not concern direct patient care within the meaning of within the meaning of 38 U.S.C. § 7422(b), Section 7422(c) or Section 7422(d).

84. By issuing the Official Time Determination that applied the 38 U.S.C § 7422(b) exclusion to situations that do not pertain to professional conduct or competence within the meaning of 38 U.S.C. § 7422(b), the VA Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and (d).

85. By the conduct set forth in paragraphs 1 through 66, the Official Time Determination is not in accordance with law in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

<u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Hold unlawful and set aside the Official Time Determination because its holding that the use of official time by Title 38 employees as provided in the VA/AFGE Master Agreement, the VA/NFFE Master Agreement and the VA/NAGE Master Agreement concerned professional conduct or competence exceeded the VA Secretary's statutory authority;

2. Hold unlawful and set aside the Official Time Determination because its holding that the use of official time by Title 38 employees as provided in the VA/AFGE Master Agreement, VA/NFFE Master Agreement and the VA/NAGE Master Agreement concerned professional conduct or competence is arbitrary and capricious and an abuse of discretion;

3. Hold unlawful and set aside the Official Time Determination because its holding that the use of official time by Title 38 employees as provided in the VA/AFGE Master Agreement, VA/NFFE Master Agreement and the VA/NAGE Master Agreement concerned professional conduct or competence is not in accordance with law;

4. Order the Defendants to comply with the VA/AFGE Master Agreement, the VA/NFFE Master Agreement and VA/NAGE Master Agreement regarding official time for Title 38 employees;

5. Order the Defendants to return to the status quo ante: and

6. Grant any other relief which the Court deems proper.

Respectfully submitted,


/s/ Judith Galat
JUDITH GALAT *
Assistant General Counsel, AFGE
galatj@afge.org
D.C. Bar #399962
*Lead Counsel

/s/ Andres Grajales
ANDRES GRAJALES
Deputy General Counsel
grajaa@afge.org
American Federation of Government
  Employees, AFL-CIO
80 F Street, N.W.
Washington, D.C. 20001
(202) 639-6424
D.C. Bar #476894

Attorneys for Plaintiff AFGE

/s/ Jefferson D. Friday
Jefferson D. Friday
General Counsel
D.C. Bar No. 358253

/s/ Renee L. Mantone
Renee L. Mantone
Assistant General Counsel
D.C. Bar No. 1045053

/s/ Suzanne Summerlin
Suzanne Summerlin*
Assistant General Counsel
D.C. Bar No. 1044859
* Lead Counsel

National Federation of Federal Employees,
FD-1, IAMAW, AFL-CIO
1225 New York Avenue, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 216-4420
Fax:     (202) 898-1861
Email: jfriday@nffe.org
Email: rcatalano@nffe.org
Email: ssummerlin@nffe.org

Attorneys for Plaintiff NFFE

/s/ Sarah E. Suszczyk
Sarah E. Suszczyk (*pro hac vice* application pending)
Deputy General Counsel
*Lead Counsel
Email: ssuszczyk@nage.org


/s/ Robert J. Shore
Robert J. Shore
Assistant General Counsel
D.C. Bar No.  999552
National Association of Government Employees, Inc.
1020 North Fairfax
Suite 200
Alexandria, VA 22314
Telephone: 703-519-0300
Facsimile: 703-519-0311

Attorneys for Plaintiff NAGE